**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| JALINSKI ADVISORY GROUP, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MCLEAN ASSET MANAGEMENT ) <br> CORPORATION, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 1:18cv923-TSE-TCB <br><br> **JURY TRIAL DEMANDED** |

**ANSWER AND COUNTERCLAIMS**

Pursuant to Fed. R. Civ. P. 8, Defendant McLean Asset Management Corporation ("McLean"), by counsel, hereby states as follows for its Answer in response to the Complaint filed by Plaintiff Jalinski Advisory Group, Inc. ("JAG"):

**Nature of Action and Relief Sought[1]**

1. McLean admits that JAG purports to allege claims related to alleged trademark infringement, unfair competition, and trademark dilution, but McLean denies the allegations of paragraph 1 and denies any wrongdoing.

2. McLean lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 2 of the Complaint, and, on that basis, denies them.

3. McLean admits that it published a now-removed blog post and e-book but denies any wrongdoing and denies the remaining allegations of paragraph 3.

4. McLean denies the allegations of paragraph 4.

5. McLean denies the allegations of paragraph 5.

---

[1] To the extent JAG intends the headings in its Complaint to constitute allegations, McLean denies them. The headings in McLean's Answer do not constitute responses to them.

6. McLean denies the allegations of paragraph 6.

**The Parties**

7. McLean lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 7 of the Complaint, and, on that basis, denies them.

8. McLean admits it is a corporation organized and existing under the laws of the Commonwealth of Virginia and has a principal address and place of business at 8200 Greensboro Drive, Suite 1150, McLean, Virginia 22101 in Fairfax County.

**Jurisdiction and Venue**

9. McLean admits that JAG purports to allege jurisdiction under Section 30 of the Lanham Act, 15 U.S.C. § 1221; under Sections 1331, 1338(a) and (b) and 1367(a) of the Judicial Code, 28 U.S.C. §§ 1331, 1338(a) and (b) and 1367(a); under Sections 2201 and 2202 of the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202; under Va. Code Ann. § 59.1-92.12 and Va. Code Ann. §§ 59.1-196 to 59.1-207; and the common law of the Commonwealth of Virginia. McLean denies that JAG has set forth any meritorious claims or that JAG is entitled to any relief.

10. For purposes of this action only, McLean does not contest that this Court has personal jurisdiction over it, but McLean denies it has committed any acts of infringement, unfair competition, trademark dilution, or any other wrongdoing in this district or elsewhere.

11. McLean admits venue is proper in this judicial district.

**Facts Common to All Claims**

I.    **Jalinski Advisory Group**

    A.    **JAG's Brand and Services**

12.    McLean lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 12 of the Complaint, and, on that basis, denies them.

13.    McLean lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 13 of the Complaint, and, on that basis, denies them.

14.    McLean lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 14 of the Complaint, and, on that basis, denies them.

    B.    **JAG's Asserted Trademark Rights**

15.    McLean lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 15 of the Complaint, and, on that basis, denies them.

16.    McLean lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 16 of the Complaint, and, on that basis, denies them.

17.    McLean lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 17 of the Complaint, and, on that basis, denies them.

18.    McLean lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 18 of the Complaint, and, on that basis, denies them.

19.    McLean lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 19 of the Complaint, and, on that basis, denies them.

II.    **Defendant McLean's Unauthorized Activities**

20.    McLean admits that it renders business management, financial management, investment management, investment advisory, financial planning, and financial advisory

services to its clients in interstate commerce, but denies the remaining allegations of paragraph 20.

20. 

21. McLean denies the allegations of paragraph 21.

22. McLean denies the allegations of paragraph 22.

23. McLean admits that it is not related to or affiliated with JAG, but denies any wrongdoing and denies the remaining allegations in paragraph 23.

24. McLean denies the allegations of paragraph 24.

25. McLean denies the allegations of paragraph 25.

26. McLean denies the allegations of paragraph 26.

## COUNT I
### Trademark Infringement under Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1))
### (JAG's Class 41 Trademark)

27. McLean repeats and incorporates herein by reference each of its foregoing response to each of the foregoing allegations.

28. McLean denies the allegations of paragraph 28.

29. McLean denies the allegations of paragraph 29.

30. McLean denies the allegations of paragraph 30.

31. McLean denies the allegations of paragraph 31.

## COUNT II
### Trademark Infringement under Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1))
### (JAG's Class 36 Trademarks)

32. McLean repeats and incorporates herein by reference each of its foregoing response to each of the foregoing allegations.

33. McLean denies the allegations of paragraph 33.

34. McLean denies the allegations of paragraph 34.

35. McLean denies the allegations of paragraph 35.

36. McLean denies the allegations of paragraph 36.

## COUNT III
### Trademark Infringement under Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1)) (JAG's Class 35 Trademark)

37. McLean repeats and incorporates herein by reference each of its foregoing response to each of the foregoing allegations.

38. McLean denies the allegations of paragraph 38.

39. McLean denies the allegations of paragraph 39.

40. McLean denies the allegations of paragraph 40.

41. McLean denies the allegations of paragraph 41.

## COUNT IV
### Unfair Competition and False Designation of Origin under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) (JAG's Class 41 Trademark)

42. McLean repeats and incorporates herein by reference each of its foregoing response to each of the foregoing allegations.

43. McLean denies the allegations of paragraph 43.

44. McLean denies the allegations of paragraph 44.

45. McLean denies the allegations of paragraph 45.

46. McLean denies the allegations of paragraph 46.

47. McLean denies the allegations of paragraph 47.

## COUNT V
### Unfair Competition and False Designation of Origin under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) (JAG's Class 36 Trademarks)

48. McLean repeats and incorporates herein by reference each of its foregoing response to each of the foregoing allegations.

49. McLean denies the allegations of paragraph 49.

50. McLean denies the allegations of paragraph 50.

51. McLean denies the allegations of paragraph 51.

52. McLean denies the allegations of paragraph 52.

53. McLean denies the allegations of paragraph 53.

### COUNT VI
### Unfair Competition and False Designation of Origin under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a))
### (JAG's Class 35 Trademark)

54. McLean repeats and incorporates herein by reference each of its foregoing response to each of the foregoing allegations.

55. McLean denies the allegations of paragraph 55.

56. McLean denies the allegations of paragraph 56.

57. McLean denies the allegations of paragraph 57

58. McLean denies the allegations of paragraph 58.

59. McLean denies the allegations of paragraph 59.

### COUNT VII
### Trademark Dilution under Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c))
### (JAG's Class 41 Trademark)

60. McLean repeats and incorporates herein by reference each of its foregoing response to each of the foregoing allegations.

61. McLean denies the allegations of paragraph 61.

62. McLean denies the allegations of paragraph 62.

63. McLean denies the allegations of paragraph 63.

64. McLean denies the allegations of paragraph 64.

65. McLean denies the allegations of paragraph 65.

## COUNT VIII
### Trademark Dilution under Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c))
### (JAG's Class 36 Trademarks)

66. McLean repeats and incorporates herein by reference each of its foregoing response to each of the foregoing allegations.

67. McLean denies the allegations of paragraph 67.

68. McLean denies the allegations of paragraph 68.

69. McLean denies the allegations of paragraph 69.

70. McLean denies the allegations of paragraph 70.

71. McLean denies the allegations of paragraph 71.

## COUNT IX
### Trademark Dilution under Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c))
### (JAG's Class 35 Trademark)

72. McLean repeats and incorporates herein by reference each of its foregoing response to each of the foregoing allegations.

73. McLean denies the allegations of paragraph 73.

74. McLean denies the allegations of paragraph 74.

75. McLean denies the allegations of paragraph 75.

76. McLean denies the allegations of paragraph 76.

77. McLean denies the allegations of paragraph 77.

## COUNT X
### Common Law Trademark Infringement and Unfair Competition

78. McLean repeats and incorporates herein by reference each of its foregoing response to each of the foregoing allegations.

79. McLean denies the allegations of paragraph 79.

80. McLean denies the allegations of paragraph 80.

81. McLean denies the allegations of paragraph 81

82. McLean denies the allegations of paragraph 82.

83. McLean denies the allegations of paragraph 83.

## COUNT XI
## Fraudulent Acts or Practices under Va. Code Ann. §§ 59.1-196 to 59.1-207

84. McLean repeats and incorporates herein by reference each of its foregoing response to each of the foregoing allegations.

85. McLean denies the allegations of paragraph 85.

86. McLean denies the allegations of paragraph 86.

87. McLean denies the allegations of paragraph 87.

88. McLean denies the allegations of paragraph 88.

89. McLean denies the allegations of paragraph 89.

## COUNT XII
## Trademark Infringement under Va. Code Ann. § 59.1-92.12

90. McLean repeats and incorporates herein by reference each of its foregoing response to each of the foregoing allegations.

91. McLean denies the allegations of paragraph 91.

92. McLean denies the allegations of paragraph 92.

93. McLean denies the allegations of paragraph 93.

94. McLean denies the allegations of paragraph 94.

95. McLean denies the allegations of paragraph 95.

## Jury Demand

McLean admits that JAG has demanded a jury trial.

**Relief Sought**

McLean denies that JAG is entitled to any of the relief requested in the Complaint or any relief whatsoever. McLean denies all allegations in the Complaint that have not been specifically admitted above. McLean denies it infringes or has infringed any valid and enforceable trademark, denies it has committed or is committing acts of unfair competition and trademark dilution, and denies any wrongdoing whatsoever.

**ADDITIONAL DEFENSES**

McLean asserts the following additional defenses to the Complaint. In doing so, McLean does not assume any burden of proof of any issue that is JAG's burden as a matter of law. McLean also reserves the right to amend or supplement these defenses as additional facts become known.

**First Defense: Failure to State a Claim Upon Which Relief Can Be Granted**

The Complaint fails to allege sufficient facts to state a cause of action upon which any relief can be granted

**Second Defense: Laches**

Plaintiff's claims are barred by the doctrine of laches.

**Third Defense: Fair Use**

Plaintiff's claims are barred by the doctrine of fair use.

**Reservation of Additional Defenses**

McLean reserves the right to assert additional defenses in the event that discovery or other analysis indicates that additional defenses are appropriate.

## COUNTERCLAIMS

Pursuant to Fed. R. Civ. P. 13, Defendant and Counterclaim-Plaintiff McLean Asset Management Group ("McLean") alleges the following against Plaintiff and Counterclaim-Defendant Jalinski Advisory Group, Inc. ("JAG"):

### PARTIES

1. McLean is a corporation organized and existing under the laws of the Commonwealth of Virginia, having a principal address and place of business at 8200 Greensboro Drive, Suite 1150, McLean, Virginia 22101 in Fairfax County, Virginia.

2. JAG is a corporation organized and existing under the laws of the State of New Jersey with a principal place of business at 1400 Hooper Avenue, Suite 210, Toms River, New Jersey 08753.

### JURISDICTION AND VENUE

3. Subject to the affirmative defenses and denials set forth above, this Court has subject matter jurisdiction over these Counterclaims pursuant 28 U.S.C. §§ 2201, 2202, 1367.

4. JAG has submitted to the personal jurisdiction of this Court by, without limitation, bringing the present action alleging trademark infringement, trademark dilution, and unfair competition.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), (c).

### FACTS

6. On July 26, 2018, JAG filed a trademark infringement action against McLean involving McLean's purported unlawful use of JAG's trademarks The Financial Quarterback and Financial Quarterback in a 2016 blog post and e-book entitled "Your Financial Advisor is Your

Financial Quarterback" and in which McLean compares the skills of various NFL quarterbacks to the skills possessed by McLean's team of financial advisors.

7. JAG served McLean on August 23, 2018, making McLean's responsive pleadings due on September 13, 2018.

8. Once McLean became of aware of the purportedly offending material, McLean principal Wade Pfau negotiated a settlement with JAG principal Josh Jalinski.

9. Without admitting any liability or wrongdoing, McLean agreed to remove the blog post and e-book and to no longer use either, and, in exchange, JAG agreed to dismiss the lawsuit.  *See* **Exhibit A.**

10. The agreement, reached on August 30, 2018, was memorialized by the parties on August 31, 2018, with the understanding that the settlement would be set forth in a written document, the first draft of which would be prepared by JAG.  *See* **Exhibit A.**

11. As of August 31, 2018, the purportedly offending blog post and e-book were removed from McLean's website.

12. As of September 11, 2018, the lawsuit had not been dismissed, so McLean engaged counsel and sought a brief two-week extension of its September 13, 2018 responsive pleadings deadline.  (Dkt. No. 7.)

13. JAG did not object to the short extension of McLean's responsive pleadings deadline, confirmed that the terms of the agreement ("[McLean's] agreement to cease all use of the mark in exchange for dismissal of this matter") were acceptable, and confirmed that counsel for JAG was in the process of drafting the written document reflecting the parties' agreement.  *See* **Exhibit B.**

14. On September 11, 2018, this Court granted the unopposed motion for an extension of time and extended McLean's responsive pleading deadline to September 27, 2018. (Dkt. No. 8.)

15. On September 18, 2018, counsel for McLean inquired of counsel for JAG regarding the status of the settlement papers, which were supposedly in draft as of September 11. *See* **Exhibit B.**

16. Counsel for JAG informed counsel for McLean that he would be unable to prepare the written document in time for filing by McLean's September 27 responsive pleading deadline, but did not object to another extension because "[t]here is really no time pressure here since our clients have agreed to a simple settlement." **Exhibit B.**

17. Despite having confirmed the existence of a "simple settlement," counsel for JAG represented he was "tied up" and would be unable to draft the papers until "next week."

18. In light of McLean's approaching September 27 responsive pleading deadline, on September 20, 2018, McLean filed another consent motion seeking additional time to file its responsive pleadings. (Dkt. No. 9.)

19. On September 21, 2018, the Court granted McLean's request in part, authorizing McLean until October 15, 2018 to file responsive pleadings. (Dkt. No. 10.)

20. Now, JAG seeks to back out of the deal it already made and refuses to provide the written document that encompasses the terms that the parties already agreed to, as confirmed in writing on multiple occasions.

21. Despite having agreed to a settlement with McLean and exchanging multiple written communications confirming the agreement, JAG now claims it will not settle. *See* **Exhibit C.**

## COUNTERCLAIM ONE:  BREACH OF CONTRACT

1. Counterclaim-Plaintiff McLean repeats and re-alleges the allegations of the preceding paragraphs of these Counterclaims as if fully set forth herein.

2. McLean and JAG had a valid and enforceable agreement wherein: (a) McLean agreed to remove the "Your Financial Advisor is your Financial Quarterback" blog post and the e-book in which it appeared, and cease all use of them; and (b) in exchange, JAG agreed to dismiss the lawsuit with prejudice.

3. McLean has performed its obligations under the agreement.

4. JAG has breached the agreement by failing to provide the written document memorializing the agreement and failing to dismiss the Complaint.

5. McLean has suffered and will continue to suffer damages in an amount to be determined at trial as a result of JAG's breach of the agreement, including, but not limited to, incurring attorneys' fees, costs, and expenses to defend a baseless lawsuit.

6. McLean is also entitled to specific performance of the agreement.

## COUNTERCLAIM TWO: DECLARATION OF NON-INFRINGEMENT

7. Counterclaim-Plaintiff McLean repeats and re-alleges the allegations of the preceding paragraphs of these Counterclaims as if fully set forth herein.

8. JAG has sued McLean in the present action alleging trademark infringement of JAG's Class 41, 36, and 35 trademarks under 15 U.S.C. § 1114(1), Va. Code § 59.1-92.12, and the common law.  Thus, an immediate, real, and justiciable controversy exists between McLean and JAG with respect to the alleged infringement of JAG's trademarks.

9. Counterclaim-Plaintiff McLean is not infringing and has not infringed in any way any valid and enforceable trademark of Counterclaim-Defendant JAG.

10. Counterclaim-Plaintiff McLean is entitled to declaratory judgment that its use of Financial Quarterback is not infringing, has not infringed, and is not liable for infringing any allegedly valid and enforceable trademark owned by JAG.

### COUNTERCLAIM THREE:  DECLARATION OF NO UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN, OR FRAUDULENT PRACTICE

11. Counterclaim-Plaintiff McLean repeats and re-alleges the allegations of the preceding paragraphs of these Counterclaims as if fully set forth herein.

12. JAG has sued McLean in the present action alleging unfair competition and false designation of origin under 15 U.S.C. § 1125(a) and the common law and fraudulent practices in violation of Va. Code § 59.1-196 *et seq*.  Thus, an immediate, real, and justiciable controversy exists between McLean and JAG with respect to the allegations of unfair competition, false designation of origin, and fraudulent practices.

13. Counterclaim-Plaintiff McLean's use of Financial Quarterback has not unfairly competed with JAG and does not constitute a false designation of origin or a fraudulent practice.

14. Counterclaim-Plaintiff McLean is entitled to declaratory judgment that its use of Financial Quarterback does not unfairly compete with JAG or constitute a false designation of origin or fraudulent practice.

### COUNTERCLAIM FOUR:  DECLARATION OF NO TRADEMARK DILUTION

15. Counterclaim-Plaintiff McLean repeats and re-alleges the allegations of the preceding paragraphs of these Counterclaims as if fully set forth herein.

16. JAG has sued McLean in the present action alleging trademark dilution under 15 U.S.C. § 1125(c).  Thus, an immediate, real, and justiciable controversy exists between McLean and JAG with respect to the allegations of trademark dilution.

17. Counterclaim-Plaintiff McLean's use of Financial Quarterback has not diluted a valid and enforceable mark of JAG and does not constitute trademark dilution.

18. Counterclaim-Plaintiff McLean is entitled to declaratory judgment that its use of Financial Quarterback does not constitute trademark dilution.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, McLean demands a trial by jury on all issues properly triable to a jury

## PRAYER FOR RELIEF

Wherefore, McLean respectfully requests the following relief:

A. Enter judgment in favor of McLean and against JAG on JAG's Complaint and dismiss the Complain with prejudice;

B. Enter judgment in favor of McLean and against JAG on McLean's Counterclaims and award McLean compensatory damages in an amount to be determined at trial;

C. Find and declare that McLean has not infringed any valid and enforceable trademark owned by JAG;

D. Find and declare that any valid trademarks held by JAG are unenforceable against McLean;

E. Find and declare that McLean has not engaged in false designation of origin of any mark owned by JAG;

F. Find and declare that McLean has not engaged in any unfair competition against JAG;

G. Find and declare that McLean has not engaged in any fraudulent practices under Virginia law against JAG;

H.      Find and declare that McLean has not engaged in any trademark dilution of any valid and enforceable mark owned by JAG;

I.      Order specific performance of the agreement, specifically, dismissal of the Complaint with prejudice;

J.      Award McLean its costs, expenses, and attorneys' fees pursuant to 28 U.S.C. § 1927 and/or Fed. R. Civ. P. 11;

K.      Award McLean post-judgment interest at the legal rate; and,

L.      Award McLean any other relief as the Court deems proper.

Dated: October 11, 2018                  Respectfully submitted,

**MCLEAN ASSET MANAGEMENT CORPORATION**

*/s/ Robert A. Angle*
Robert A. Angle (VSB No. 37691)
 robert.angle@troutman.com
Laura Anne Kuykendall (VSB No. 82318)
 la.kuykendall@troutman.com
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-1200
Facsimile: (804) 697-1339

*Counsel for Defendant*
*McLean Asset Management Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of October, 2018, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF System, which will then send a notification of such filing (NEF) to the following:

>Martha Ann Weis
>Goodman Allen Donnelly PLLC (Glen Allen)
>4501 Highwoods Pkwy, Suite 210
>Glen Allen, VA 23060
>Telephone: (804) 565-5957
>Fax: (804) 346-5954
>mweis@goodmanallen.com

*Counsel for Plaintiff Jalinski Advisory Group, Inc.*

>*/s/ Robert A. Anle*
>Robert A. Angle (VSB No. 37691)
> robert.angle@troutman.com
>Laura Anne Kuykendall (VSB No. 82318)
> la.kuykendall@troutman.com
>TROUTMAN SANDERS LLP
>1001 Haxall Point
>Richmond, Virginia 23219
>Telephone: (804) 697-1200
>Facsimile: (804) 697-1339

>*Counsel for Defendant*
>*McLean Asset Management Corporation*